# 15-3135(L)

## 15-3151 (XAP); 22-1060 (CON)

### United States Court of Appeals
#### FOR THE
### Second Circuit

*MARK I. SOKOLOW, ET AL.*,

*Plaintiffs-Appellants,*

*UNITED STATES OF AMERICA,*

*Intervenor-Appellant,*

v.

*PALESTINE LIBERATION ORGANIZATION, ET AL.*,

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Southern District of New York, Case No. 2004 Civ. 0397

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFS TO ADDRESS THE EFFECT OF *MALLORY v. NORFOLK SOUTHERN RY***

Gassan A. Baloul
Mitchell R. Berger
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendants-Appellees*

Defendants-Appellees respectfully submit that the Court's standard Rule 28(j) process is sufficient to address any impact of the Supreme Court's recent decision in *Mallory v. Norfolk Southern Ry.*, No. 21-1168, 2023 WL 4187749 (U.S. June 27, 2023). The parties have already extensively briefed the impact of business registration statutes on these appeals, and addressed the Panel's questions regarding *Mallory* at oral argument. *See* Defs. Br. in *Sokolow* at 36-37; Pls. Br. in *Sokolow* at 46-51, 58-59; Pls. Reply in *Sokolow* at 27-28; Defs. Br. in *Fuld* at 35-36; Pls. Br. in *Fuld* at 38-40; Pls. Reply in *Fuld* at 9-10; *see also Fuld* Oral Arg. at 35:58-38:03 (addressing *Mallory*). *Mallory* did not break any new ground, but rather reaffirmed the same cases the parties have previously addressed. The parties' respective views on *Mallory* therefore can be adequately addressed in Rule 28(j) letters rather than an additional round of briefing.

The fact that Plaintiffs-Appellants did not immediately file a Rule 28(j) letter after *Mallory* was decided merely reinforces the fact that, as Plaintiffs themselves previously acknowledged, "Whatever the Supreme Court ultimately decides in *Mallory*, the state general jurisdiction statute at issue there stands in sharp contrast to the PSJVTA." Pls. Br. in *Fuld* at 39. Indeed, the Supreme Court's holding in *Mallory* is quite narrow: a majority of the Justices agreed only on a statement of the case (Section I, Slip op. at 2-4) and a single holding (Section III.B., Slip op. at 10-12) that "*Pennsylvania Fire* [*Ins. Co. of Philadelphia v. Gold Issue Mining & Milling*

1

*Co.*, 243 U.S. 93 (1917)] controls this case" and is still good law. *Mallory* does not change the law, and likewise does not warrant a change in the parties' arguments in these appeals.

Nonetheless, should the Court desire supplemental briefing rather than Rule 28(j) letters, Plaintiffs' proposal for "simultaneous" briefing—which would provide Plaintiffs and the Government with double the combined word-limit afforded to Defendants—would be inconsistent with the equal time afforded to both sides during oral argument. Simultaneous briefs also would be unlikely to assist the Court, because they would likely result in the parties talking past one another.

Accordingly, if the Court desires supplemental briefs beyond what Rule 28(j) allows, then Defendants propose that Plaintiffs and the Government file simultaneous briefs of no more than 1,500 words each within 10 days of this Court's order on this motion, and that Defendants file a single responsive brief of no more than 3,000 words 10 days after Plaintiffs' and the Government's briefs are filed. This would be consistent with the Court's prior orders granting enlargements to allow Defendants to respond to multiple briefs in a consolidated fashion. *See, e.g., Sokolow* ECF No. 505; *Fuld* ECF No. 145; *U.S. v. Walker*, Nos. 18-1933, 18-2085 (Order dated Nov. 20, 2019) (ordering sequential supplemental briefing).

                                              Respectfully Submitted,

July 13, 2023                            SQUIRE PATTON BOGGS (US) LLP

                                              <u>/s/ *Gassan A. Baloul*</u>
                                              Gassan A. Baloul
                                              gassan.baloul@squirepb.com
                                              Mitchell R. Berger
                                              mitchell.berger@squirepb.com
                                              2550 M Street, N.W.
                                              Washington, D.C. 20037
                                              Telephone: (202) 457-6000
                                              Facsimile: (202) 457-6315

                                              *Counsel for Defendants-Appellees*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 469 words, excluding the parts exempted by Rule 32(f).

2. This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

*/s/ Gassan A. Baloul*
Gassan A. Baloul

*Counsel for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2023, the foregoing document was filed with the Clerk of the Court and served via CM/ECF upon counsel of record for Plaintiffs-Appellants.

                                      */s/ Gassan A. Baloul*
                                      Gassan A. Baloul