# 15-3135(L)
## 15-3151(XAP), 22-1060(CON)

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

EVA WALDMAN, REVITAL BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, SHAUL MANDELKORN, NURIT MANDELKORN, OZ JOSEPH GUETTA, MINOR, BY HIS NEXT FRIEND AND GUARDIAN VARDA GUETTA, VARDA GUETTA, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFF OZ JOSEPH GUETTA, NORMAN GRITZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID GRITZ, MARK I. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAMIE A. SOKOLOW, RENA M. SOKOLOW, INDIVIDUALLY AND AS A NATURAL GUARDIAN OF PLAINTIFF JAIME A. SOKOLOW, JAMIE A. SOKOLOW, MINOR, BY HER NEXT FRIENDS AND GUARDIAN

(*Caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## SUPPLEMENTAL RESPONSE BRIEF ON EXPERT TESTIMONY FOR PLAINTIFFS-APPELLANTS

ALLON KEDEM
JOHN P. ELWOOD
DIRK C. PHILLIPS
DANIEL YABLON
ARNOLD & PORTER KAYE
  SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-6234

BRIAN WILLIAMS
Arnold & Porter Kaye
Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
(303) 833-2322

KENT A. YALOWITZ
NICOLE L. MASIELLO
ARNOLD & PORTER KAYE
  SCHOLER LLP
250 West 55th Street
New York, New York 10019
(212) 836-8000
kent.yalowitz@arnoldporter.com

*Attorneys for Plaintiffs-Appellants*

MARK I. SOKOLOW AND RENA M. SOKOLOW, LAUREN M. SOKOLOW, ELANA R. SOKOLOW, SHAYNA EILEEN GOULD, RONALD ALLAN GOULD, ELISE JANET GOULD, JESSICA RINE, SHMUEL WALDMAN, HENNA NOVACK WALDMAN, MORRIS WALDMAN, ALAN J. BAUER, INDIVIDUALLY AND AS NATURAL GUARDIAN OF PLAINTIFFS YEHONATHON BAUER, BINYAMIN BAUER, DANIEL BAUER AND YEHUDA BAUER, YEHONATHON BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, BINYAMIN BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, DANIEL BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, YEHUDA BAUER, MINOR, BY HIS NEXT FRIEND AND GUARDIANS DR. ALAN J. BAUER AND REVITAL BAUER, RABBI LEONARD MANDELKORN, KATHERINE BAKER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, REBEKAH BLUTSTEIN, RICHARD BLUTSTEIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN BLUTSTEIN, LARRY CARTER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DIANE ("DINA") CARTER, SHAUN COFFEL, DIANNE COULTER MILLER, ROBERT L COULTER, JR., ROBERT L. COULTER, SR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JANIS RUTH COULTER, CHANA BRACHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ELIEZER SIMCHA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, ESTHER ZAHAVA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, KAREN GOLDBERG, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STUART SCOTT GOLDBERG/ NATURAL GUARDIAN OF PLAINTIFFS CHANA BRACHA GOLDBERG, ESTHER ZAHAVA GOLDBERG, YITZHAK SHALOM GOLDBERG, SHOSHANA MALKA GOLDBERG, ELIEZER SIMCHA GOLDBERG, YAAKOV MOSHE GOLDBERG,TZVI YEHOSHUA GOLDBERG, SHOSHANA MALKA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, TZVI YEHOSHUA GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YAAKOV MOSHE GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, YITZHAK SHALOM GOLDBERG, MINOR, BY HER NEXT FRIEND AND GUARDIAN KAREN GOLDBERG, NEVENKA GRITZ, SOLE HEIR OF NORMAN GRITZ, DECEASED,

*Plaintiffs-Appellants,*

UNITED STATES OF AMERICA,

*Intervenor-Appellant,*

—against—

PALESTINE LIBERATION ORGANIZATION, PALESTINIAN AUTHORITY, AKA PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY and or PALESTINIAN COUNCIL and or PALESTINIAN NATIONAL AUTHORITY,

*Defendants-Appellees,*

YASSER ARAFAT, MARWIN BIN KHATIB BARGHOUTI, AHMED TALEB MUSTAPHA BARGHOUTI, AKA AL-FARANSI, NASSER MAHMOUD AHMED AWEIS, MAJID AL-MASRI, AKA ABU MOJAHED, MAHMOUD AL-TITI, MOHAMMED ABDEL RAHMAN SALAM MASALAH, AKA ABU SATKHAH, FARAS SADAK MOHAMMED GHANEM, AKA HITAWI, MOHAMMED SAMI IBRAHIM ABDULLAH, ESATATE OF SAID RAMADAN, DECEASED, ABDEL KARIM RATAB YUNIS AWEIS, NASSER JAMAL MOUSA SHAWISH, TOUFIK TIRAWI, HUSSEIN AL-SHAYKH, SANA'A MUHAMMED SHEHADEH, KAIRA SAID ALI SADI, ESTATE OF MOHAMMED HASHAIKA, DECEASED, MUNZAR MAHMOUD KHALIL NOOR, ESTATE OF WAFA IDRIS, DECEASED, ESTATE OF MAZAN FARITACH, DECEASED, ESTATE OF MUHANAD ABU HALAWA, DECEASED, JOHN DOES, 1-99, HASSAN ABDEL RAHMAN,

*Defendants.*

# TABLE OF CONTENTS

1. Waiver of Motion to Exclude......................................................... 1

2. Reliable Methodology .................................................................. 2

3. Prejudice/Harmless Error ........................................................... 4

Conclusion........................................................................................ 7

# TABLE OF AUTHORITIES

### *Cases*                                                                 Page

*Avaya Inc., RP v. Telecom Labs, Inc.*,
  838 F.3d 354 (3d Cir. 2016) ....................................................... 1

*Diaz v. United States*,
  602 U.S. 526 (2024)..................................................................... 4

*Gilmore v. Palestinian Interim Self-Gov't Auth.*,
  53 F. Supp. 3d 191 (D.D.C. 2014),
  *aff'd*, 843 F.3d 958 (D.C. Cir. 2016)......................................... 3

*Gilmore v. Palestinian Interim Self-Gov't Auth.*,
  843 F.3d 958 (D.C. Cir. 2016)..................................................... 3

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)..................................................................... 3

*United States v. Baptiste*,
  596 F.3d 214 (4th Cir. 2010)....................................................... 3

*United States v. Farhane*,
  634 F.3d 127 (2d Cir. 2011) ........................................................ 4

*United States v. Pollok*,
  139 F.4th 126 (2d Cir. 2025) ....................................................... 4

### *Rule*

Fed R. Evid. 704 ................................................................................ 4

i

**1. Waiver of Motion to Exclude.** In their merits brief, defendants asserted that the district court should not have "allowed Plaintiffs' three liability experts to testify" at all. Br. 20 (Jan. 27, 2023); *see id.* at 79 (citing *Daubert* motions). In response, plaintiffs showed that defendants strategically waived this maximalist argument by choosing not to object at the outset of the expert testimony. Reply Br. 41-43 (March 13, 2023). Defendants now assert that they did not have to do so because Judge Daniels definitively rejected their motion to exclude all the testimony of Eviatar and Shrenzel during a pretrial conference. Supp. Br. 2, 14 (citing JA-3644, 3646). That assertion is contradicted by the fact that defendants *continued* to argue for exclusion after the supposedly definitive ruling, and Judge Daniels said "I'll look at his report more thoroughly." JA-3647. Thus the question remained open. Defendants should have preserved their objection at the outset of the testimony. *See* Reply Br. 42-43.[1]

**2. Reliable Methodology.** Defendants say the experts' testimony was unreliable because their "methodology was to summarize records and Israeli reports *which were all inadmissible hearsay*." Supp. Br. 2 (emphasis added, punctuation omitted). Defendants are mistaken on both points.

**First:** The experts were not summarizing hearsay. They testified about

---

[1] Defendants assert that the Court should disregard this response because it was raised for the first time in plaintiffs' Reply Brief. That makes no sense. Defendants—appellees here—raised the expert issue as an alternative basis for the Court to sustain the judgment in their favor. If an appellee presents "an alternative basis to affirm," then a "rebuttal to that assertion…[is] exactly the kind of responsive argumentation [a court] would expect in a reply brief." *Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 397 n.43 (3d Cir. 2016).

documents in evidence.[2] The documents included (1) convictions and confessions identifying the perpetrators of the attacks,[3] and (2) defendants' own internal records, such as "prisoner files," "martyr files," pay records, and intelligence assessments, linking them to the perpetrators.[4]

These documents were put in binders, admitted in evidence,[5] and handed out to the jurors.[6] The experts thus testified about admitted evidence that was literally in the jurors' hands during the testimony.[7] At trial, defendants' counsel admitted that such documents were reliable. *E.g.*, JA-5307-08 (defense counsel: "show him the document that's in evidence and then we don't have to worry about him adding stuff"), JA-5421 (stipulating to accuracy of document).

Contrary to defendants' assertion, therefore, plaintiffs' experts did not "summarize…hearsay." Supp. Br. 2. For this reason, defendants are wrong to

---

[2] Plaintiffs' Trial Exhibits are in the record at Dist. Ct. Dkt. Nos. 907-11 and 927.

[3] JA-4061-4100 (Kaufman discussing, *e.g.*, Exs. 246, 259-60, 344, 358-59, 376, 435, 452); JA-4677-79 (Eviatar discussing Ex. 428).

[4] JA-4677-4701 (Eviatar, discussing Exs. 41-42, 61, 71-73, 86, 137, 151, 164-65, 428, 1035, 1037, 1170); JA-5222-62, 5277-5327, 5414-5503, 5542-74 (Shrenzel, discussing Exs. 3, 7-10, 14, 17, 19, 22-23, 26, 36B, 48-49, 51, 60, 62, 64, 66, 76, 83-84, 85, 87-89, 95-96, 109, 113-14, 116, 123, 127, 130-33, 136, 139-40, 142, 146, 153, 159, 196, 233, 260, 322, 338, 354, 356, 360, 372, 451, 465, 467, 477, 496, 537, 626, 631, 829, 894, 963, 1060, 1129, 1142, 1178).

[5] JA-3922-23, 3988, 4624, 4631-32, 4638-39, 4648, 4687-88, 5287, 5422, 5485-86.

[6] JA-3936, 4002, 4081, 4701, 5211-13, 5217, 5287-88, 5326, 5422, 5485-86, 5542.

[7] JA-3936, 3937, 3947, 3951, 3953, 3958, 3967, 3977, 3985, 3989, 4050, 4077, 4092, 4098, 4623-24, 4687-4701, 5218, 5259, 5277-83, 5288-5305, 5309-16, 5414-17, 5423-33, 5444-48, 5475-78, 5486-5503, 5542-72, 5693-712.

rely on *Gilmore*. In that case, the district court excluded expert testimony "that Abu Halawa was 'more likely than not' Gilmore's killer," because the "analysis is devoted <u>entirely</u> to explaining why [the expert] believes Plaintiffs' <u>hearsay evidence</u> is reliable" and "consists <u>entirely</u> of deductions and observations that flow directly from the content of the <u>hearsay statements</u> and would be self-evident to a layperson." *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 53 F. Supp. 3d 191, 212 (D.D.C. 2014) (emphasis added), *aff'd*, 843 F.3d 958 (D.C. Cir. 2016).

**Second:** Defendants claim the district court abused its discretion by determining that Eviatar's and Shrenzel's methodologies were reliable. Supp. Br. 7-13. But a district judge has "'broad latitude' to decide how to determine reliability." *Gilmore*, 843 F.3d at 973 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999)); *United States v. Baptiste*, 596 F.3d 214, 222 (4th Cir. 2010) (similar). The experts helped the jury understand the incentives created by the payments[8] and the atmosphere created by defendants' propaganda[9] by using the same methodology they employed during their counterterrorism careers. *See* Reply Br. 45-46. Precedent supports the acceptance of this methodology. *Id.* at 46, 48 (collecting cases); *see United States v. Farhane*, 634 F.3d 127, 159 (2d Cir. 2011). This Court's recent decision in *United States v. Pollok*, 139 F.4th 126 (2d Cir. 2025), provides further support. There, the Court

---

[8] JA-4270-81, 4350-76, 4384 (Eviatar discussing Exs. 512, 1143).

[9] JA-5327-37, 5391-5411 (Shrenzel discussing Exs. 175, 178, 198, 200, 201, 935, 936, 949, 965, 1194, 1195).

reconfirmed that expert testimony may be admissible to educate the jury about practices and operations of criminal organizations, narcotics dealers, forced labor schemes, and the general dynamics of sexual abuse. *Id.* at 140-41. This reasoning applies to practices and operations of terrorist entities, as well.

The Supreme Court's decision in *Diaz v. United States*, 602 U.S. 526 (2024), supports the conclusion that defendants are incorrect in asserting that Judge Daniels abused his discretion by allowing testimony that went to defendants' knowledge, or that was phrased in terms of "ultimate issues." Supp. Br. 7-11. The *Diaz* case was a prosecution for knowingly transporting methamphetamine. The Supreme Court upheld the admission of expert testimony that "in most circumstances, the driver knows they are hired … to take the drugs from point A to point B." *Id.* at 530. The Court reiterated that Rule 704 *permits* ultimate-issue testimony, including testimony concerning a party's knowledge, without exception in civil cases. *Id.* at 532-33.

**3. Prejudice/Harmless Error.** Defendants claim that "documents were a very small fraction of Plaintiffs' liability case." Supp. Br. 12 n.7. Not so. Plaintiffs' trial exhibits included 23 criminal convictions of perpetrators.[10] Documents also linked defendants to the perpetrators, twelve of whom were defendants' *own employees*. JA-9436. The documents included "martyr files" and "prisoner files" approving payments to 26 terrorists or their families by reason

---

[10] Exs. 260, 261, 275, 289, 295, 291, 298, 303, 313, 322, 342A-C, 348, 349, 356, 357, 358, 360, 361, 362, 366, 375, 382G, 384, 418, 419, 420, 422, 424, 431, 452, 889.

of their murderous conduct[11]; intelligence files concerning for 23 perpetrators[12]; defendants' employment records reflecting payments to 14 convicted or "martyred" terrorists[13]; internal PA documents showing defendants' orchestration of attacks and approval of direct payments to terrorists[14]; PA-published propaganda magazines distributed to defendants' armed forces encouraging terror attacks[15]; direct payment authorizations for terrorists[16]; and U.S. and Israeli government reports documenting defendants' terror activities.[17] In a ruling not challenged here, the district court held that the extensive record that plaintiffs had assembled, if presented at trial, would support a verdict in plaintiffs' favor. SPA-25-44 [Dkt 87]. Defendants ignore that ruling.

Defendants claim that "Eviatar and Shrenzel's … testimony … was the only testimony tying Defendants to the attacks." Supp. Br. 11-12. Again, not true. For example, Mosaab Yousef testified on video that he was present when senior PA and PLO officials promised Hamas that they would release Abdullah Barghouti, a bomb maker, from custody. JA 3310-18, 4659. It was

---

[11] Exs. 17, 19, 22-23, 26, 36C, 39, 41, 42, 51, 60-61, 63, 64, 66, 71-73, 75, 76, 83, 84, 86, 87, 96, 894.

[12] Exs. 129, 131-33, 135-36, 138, 139, 140, 142, 147-48, 151-533, 157, 159, 164-65, 1035, 1037, 1041.

[13] Exs. 2, 3, 7-10, 14, 25, 36B, 48-49, 58, 62, 88-89, 95, 109, 112-13, 114, 116, 123, 127-28, 130, 1030.

[14] Exs. 233, 831, 962-63, 1060.

[15] Exs. 175, 178, 198, 200-01, 935-36, 949, 965, 1194-95.

[16] Ex. 963.

[17] Exs. 96, 537, 626, 631, 826, 829-30, 1142.

undisputed at trial that Barghouti murdered 66 people (including four plaintiffs) after his release, as evidenced by his conviction.[18] Defendants' witness, Majed Faraj, attempted to contradict Yousef's testimony, claiming that Barghouti had "escaped." JA-7178-79. Faraj was cross-examined on this claim. JA-7291-7309. The jury was free to accept Yousef's testimony and not Faraj's.

The jury also had conflicting testimony about the incentives created by defendants' pay and promotion practices. Faraj claimed that defendants' pay-for-slay practices were for "humanitarian reasons" and designed to prevent the inmates from continuing to support terrorism from prison. JA-7189-90. However, Faraj admitted on cross-examination that keeping convicted terrorists on the payroll was "inconsistent with the prevention of terror activities." JA-7223-24. Another defense witness, Hanan Ashrawi, agreed that "it is not helpful to the prevention of terror to glorify and reward people who perpetrate terrorist activities." JA-7425. Defendants' own witnesses thus gave "testimony tying Defendants to the attacks." Supp. Br. 12.

Defendants claim that plaintiffs' summation "depended almost exclusively on [expert] testimony." Supp. Br. 4. Wrong yet again. Plaintiffs' summation on liability (JA-8098-8162) took the jury through defendants' own pay and promotion records (JA-8106, 8108, 8122, 8134), their own pay-for-slay law (JA-8107, 8122), their own intelligence files (JA-8113-14, 8122, 8146, 8154), as well as government reports (JA-8114-15), convictions (JA-8116-17), documents

---

[18] Exs. 431, 452, Counts 89, 90, 94, 95 (Dist. Ct. Dkts. 909-71, 927-94).

showing actual payments by defendants to terrorists (JA-8117), propaganda published by defendants for their own armed forces (JA-8124-26), martyr videos (JA-8132-33), and video interviews of perpetrators (JA-8146). After going through all those documents, plaintiffs' counsel said:

> Plaintiffs in this case brought you convictions. We brought you confessions. We brought you intelligence documents. We brought you government reports from our government. We brought you government reports from the Israeli government who had people on the ground on the scene. We brought you raw documents. We brought you three dozen witnesses who testified from personal knowledge or from decades of expertise. You have these binders, you can ask for them. You have summaries of the plaintiff families to help you remember who they were. You can ask for them. You have videos. You can ask for them. You have the defendants' own words.
>
> You remember the defendants' evidence? Me neither. Me neither. I had to go back and look. They offered four photographs, a map, and a letter from 1993.

JA-8158-59.

Finally, defendants do not contest plaintiffs' showing that Judge Daniels's sound jury charge negated any arguable error. Reply Br. 60-61.

### CONCLUSION

The expert testimony provides no basis for a new trial.

Dated: November 4, 2025

Respectfully submitted,

Allon Kedem
John P. Elwood
Dirk C. Phillips
Daniel Yablon
Arnold & Porter
   Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942-6234

Brian Williams
Arnold & Porter
   Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
(303) 833-2322

Kent A. Yalowitz
   *Kent.Yalowitz@arnoldporter.com*
Nicole L. Masiello
Arnold & Porter
   Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
(212) 836-8344

*Counsel for Plaintiffs-Appellants*

8

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and the Court's order dated October 27, 2025, that the foregoing document is seven pages and has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century font.

Dated: November 4, 2025          _/s/ Kent A. Yalowitz_